### Walker v. Chandler.

*Bastardy—Discharge of accused by justice of peace—Validity of compromise by complainant—Accused to be bound over to common pleas court, when—Sections 12111 and 12114, General Code.*

1. Upon the examination before the justice of the peace of the complainant in a bastardy proceeding, under Section 12111, General Code, the justice has no authority to discharge the accused on the ground that it appears from her examination that prior to the filing of her complaint she and the accused had entered into a private agreement by which the accused had paid complainant an amount equal to the amount that the common pleas court would charge the reputed father for maintenance of the child.

2. If, in a bastardy proceeding, on the examination of the complainant, as provided by Section 12111, General Code, she testifies that the accused is the father of her bastard child, the justice must bind the accused to appear at the next term of the court of common pleas of the county, unless a compromise is agreed upon and bond given as required by Section 12114, General Code.

(Decided September 23, 1921.)

ERROR: Court of appeals for Trumbull county.

*Mr. G. H. Birrell,* for plaintiff in error.
*Messrs. Fillius & Fillius,* for defendant in error.

POLLOCK, J. 'Vada Walker, plaintiff in error, filed a complaint before one of the justices of the peace in this county, charging Robert S. Chandler, the defendant in error, with being the father of her bastard child. The defendant was arrested and brought before the justice. The complainant was then examined as provided by Section 12111, General Code, and from that examination it appeared that prior to the filing of the present complaint she had filed a like complaint before one of the other justices of the peace of this county, charging the defendant with being the father of the same child. After his arrest, under the prior charge, the plaintiff and defendant met and a private settlement was agreed upon between them by which the defendant paid the plaintiff a sum of money. As a part of that agreement the complaint and other papers filed were withdrawn from the office of the justice of the peace. No entry of the filing of the first complaint was ever made by that justice on his docket. In the instant case, after the examination of the complainant, the justice discharged the defendant on the ground that the amount paid the complainant by the defendant under the agreement referred to was as much as would ordinarily be assessed against him if he was found guilty on trial in the common pleas court.

The plaintiff brought an action in error in the court of common pleas to reverse the judgment of the justice of the peace in discharging the defendant. On the hearing in that court the judgment of

the justice was affirmed. This action is brought to reverse the judgment of both the court of common pleas and the justice of the peace.

The only question for determination is the jurisdiction of the justice to discharge the accused in a bastardy proceeding, when it appears that the amount paid under a private settlement between the complainant and the accused was as much as the court of common pleas, after a verdict of guilty, would adjudge him to pay for the maintenance of the child.

A bastardy action is commenced by the mother of the child making a complaint before a justice of the peace, charging that the accused named in the complaint is the father of her bastard child. A warrant is then issued for the arrest of the person accused, under Section 12110, General Code. The next section provides that on the return of the warrant the justice shall examine the complainant under oath, in the presence of the accused, respecting her complaint. The accused shall be permitted to ask her any questions he may think necessary for his defense at the trial. No other witness can be examined by the justice of the peace. *Hamm* v. *Wickline*, 26 Ohio St., 81.

The next section of the code requires that the questions asked the complainant, and her answers thereto, shall be reduced to writing by the justice, or someone for him. And the next provides that after the examination of the complainant the justice of the peace shall bind the accused to appear at the next term of the court of common pleas in the county. Unless the accused shall give the bond required, the justice of the peace shall remand the accused to the jail of the county.

Section 12114 provides that if during the examination of the complainant, or before judgment in the court of common pleas, the accused pay, or secure to be paid to the complainant, such amount of money or property as she agrees to receive in full satisfaction, and such agreement is acknowledged by both parties before the justice, and a bond is also given by the accused to the state, with surety to be approved by the justice, conditioned to save any county, township or municipal corporation within the state free from the charge of maintenance of such bastard child, the court, upon the payment of costs, shall discharge the accused.

The judicial powers and duties of a justice of the peace in a bastardy proceeding are purely statutory. *Hamm* v. *Wickline, supra.*

If upon the examination of the complainant she testifies that the person named in the affidavit of complaint is the father of her bastard child, a justice of the peace must bind the accused to the next term of the court of common pleas, unless the action is compromised under the provisions of Section 12114, General Code, just referred to. It is not sufficient that the accused settle with the complainant, but the settlement must be acknowledged by both parties. The accused must give bond to the state as provided in that section of the code.

The accused is permitted to ask the complainant on her examination before the justice such questions as he may think necessary for his defense. This does not give the justice jurisdiction to find that the accused is the father of complainant's child, nor has he any jurisdiction to determine the amount that the accused should pay, if found guilty.

Unless a compromise and bond is given as provided by the statute, the only authority given a justice is to bind the accused to the court of common pleas and certify and transmit the record of the proceedings before him to that court.

"The examination before the justice, where the case is not settled in the mode prescribed, is preliminary, merely, to a final trial. The duty of the justice is, to a greater or less extent, ministerial. He takes the examination in writing, and binds the accused in a recognizance to appear at the next term of the court of common pleas. He adjudicates nothing." *Kezartee* v. *Cartmell,* 31 Ohio St., 522, 528.

A bastardy proceeding is not for the benefit of the complainant, but to compel the father to provide for the child and save the public from liability for its support.

The complainant can make no settlement of the proceedings which will release the accused, except in the manner provided by the code.

"If such security is not given, he must be bound over." *Perkins* v. *Mobley,* 4 Ohio St., 669, 673.

Our attention has been called to the case of *Maxwell* v. *Campbell,* 8 Ohio St., 265. In the opinion, on page 269, the court says:

"It is very clear, however, that in case another prosecution were to be commenced, and could be maintained, the court adjudicating upon it, and which would have ample discretion as to the amount to be assessed upon the defendant, ought to, and would, make due allowance for any contribution which the defendant might have voluntarily made, or obligated himself to make, toward the fulfillment of a duty which his own acts had imperiously imposed."

The above has reference to the duty of the court of common pleas after a verdict of guilty has been rendered. It has no reference to the duty of the justice of the peace before whom the complaint has been made, and does not suggest that he has any power to determine the amount that the accused should pay, or if the amount that he has already paid is sufficient.

The judgment of the court of common pleas and the order of the justice discharging the accused are reversed.

*Judgment reversed.*

FARR, P. J., and ROBERTS, J., concur.